March 10, 1978

## 78-16  MEMORANDUM OPINION FOR THE ASSISTANT ATTORNEY GENERAL, CIVIL DIVISION

### Department of Justice—Retention of Private Counsel—Authority—Defense of Federal Officials

At your request, we have examined the Congressional Research Service memorandum on the authority of the Department of Justice to retain private legal counsel and the unsigned memorandum entitled "Statutory Authority for Justice Department Hiring of Private Counsel" ("Opposition Memo"). Each memorandum deals at length with the derivation of the statutes concerning representation of Federal agencies and employees and with judicial decisions regarding those statutes. The Congressional Research Service memorandum concludes (p.39) that there is "substantial doubt whether the Department of Justice has the statutory authority to retain private attorneys who are not subject to the supervision . . . of the Attorney General . . . or who have not been appointed in accordance with [28 U.S.C. §§ 515 and 543]." The Opposition Memo states a similar conclusion (p. 37), namely, that 28 U.S.C. §§ 515 and 543 are the only statutes authorizing the Department to retain private counsel and that the Attorney General has no authority to do so in the manner provided in Attorney General Order No. 683-77, 28 CFR §§ 50.15-50.16.

We disagree. In our opinion, this view fails to give proper weight to the reasons for the Department's practice and to action taken by Congress in light of that practice.

I.

The significant statutes, 28 U.S.C. §§ 516-517, have two parts— they place a responsibility of representation upon the Department and they specify the means of carrying out that responsibility. The only means expressly authorized are use of an officer of the Department of Justice or an attorney appointed pursuant to 28 U.S.C. § 515 or § 543. In 1975, however, the Department was faced with circumstances in which its obligation to represent present and former

Federal officials in cases involving interests of the United States could not be accomplished through use of the prescribed means. The Department's choice was between carrying out its obligation of representation through use of private attorneys or declining to provide representation at Government expense. We adhere to our earlier view that the Department's policy of retaining private attorneys in the limited circumstances described in 28 CFR §§ 50.15 and 50.16 is adequately supported by the implied authority of the Attorney General in connection with representation of Federal agencies and their employees. Interests of the United States, as well as interests of the individual defendants, are at stake in these cases.

## II.

The Department has kept Congress and the General Accounting Office informed with regard to its use of private counsel. For example, in December 1975, Attorney General Levi sent identical letters to the Chairmen of the Senate and House Judiciary Committees describing the use of private attorneys in certain civil actions and explaining the reasons for the Department's action. In 1976, the General Accounting Office began a study relating in part to the Department's use of private attorneys; the study resulted in a report issued in May 1977.[1]

Furthermore, in 1977, the Department requested a supplemental appropriation of $4,878,000 for payment of private counsel fees.[2] The matter was discussed at length during the hearings before the House and Senate Appropriations Committees. The House committee did not approve the Department's request,[3] but the Senate committee included in the bill the full request, subject to certain conditions.[4] The conference committee provided for a smaller appropriation, $1,860,000, than did the Senate, but deleted· the conditions stated in the Senate-approved bill. However, the conference report[5] stated:

> . . . the conferees are agreed that none of the funds available to the Department shall be obligated or expended by the Department for the representation of any defendants in suits commenced after the effective date of this Act, until the appropriate committees of the Senate and the House of Representatives have reviewed the policy

---

[1]Report of the Comptroller General, *Lawsuits Against the Government Relating to a Bill to Amend the Privacy Act of 1974* (May 6, 1977). As noted previously, the Department's policy is discussed with approval in a May 16, 1977, decision of the Comptroller General, 56 Comp. Gen. 615.

[2]Previously, the cost of private attorneys had been absorbed by the Department through the use of its regular appropriation.

[3]*See* H. Rept. No. 95-68, 95th Cong., 1st sess. 112 (1977).

[4]The Senate committee's report stated that approval of the Department's request should not be construed as "approval or disapproval of the Department's policy statement . . . embodied in Attorney General's Order No. 687-77. . .." S. Rept. No. 95-64, 95th Cong., 1st sess. 144 (1977). The committee added to the bill a requirement that no funds be obligated or spent for private counsel fees in suits commenced after enactment of the bill, until the Senate Judiciary Committee had approved the Department's policy statement.

[5]H. Rept. No. 95-166, 95th Cong., 1st sess. 27 (1977).

statement embodied in the Attorney General's Order No. 687-77 dated January 19, 1977.

In certain circumstances, the courts have held that providing appropriations for an activity of the executive branch constitutes ratification by Congress of that action. *See, e.g., Brooks* v. *Dewar,* 313 U.S. 354 (1941) (issuance by Secretary of the Interior of temporary grazing permits). Care must be used in relying on this doctrine, however.[6] In our opinion, it is applicable here notwithstanding the language of the Senate report.[7] Congressional acquiescence in the Department's policy may be tentative or qualified. Nonetheless, funds to carry out that policy were provided in the Supplemental Appropriations Act for Fiscal Year 1977.[8] Thus, to that extent, the legislative action supports our view that authority exists for the Department's policy.

JOHN M. HARMON
*Assistant Attorney General*
*Office of Legal Counsel*

---

[6]*See, e.g., Committee for Nuclear Responsibility, Inc.* v. *Seaborg,* 465 F. (2d) 783, 785 (D.C. Cir. 1971) (question of compliance with National Environmental Policy Act).

[7]*See* footnote 4, *supra.*

[8]Pub. L. No. 95-26, 91 Stat. 61, 106 (1977).